IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CROSS-VALIANT CELLULAR PARTNERSHIP, an Oklahoma partnership, and<br>CROSS WIRELESS, LLC, an Oklahoma limited liability company,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, acting by and through Sonny Perdue, Secretary of Agriculture, RURAL UTILITIES SERVICE, acting by and through Chad Rupe, Administrator,<br><br>PINE TELEPHONE COMPANY, INC., an Oklahoma Corporation, and<br>PINE CELLULAR PHONES, INC., an Oklahoma Corporation,<br><br>*Defendants*, | Case No. CIV-20-334-RAW |

## ORDER

Cross-Valiant Cellular Partnership and Cross Wireless, which collectively do business as "Bravado Wireless" (hereinafter "Bravado"), brought this action against the United States Department of Agriculture and the Rural Utilities Service (hereinafter collectively referred to as the "Federal Defendants") and Pine Telephone Company, Inc. and Pine Cellular Phones, Inc. (hereinafter collectively referred to as "Pine") on September 28, 2020 based upon allegations that the federal defendants inappropriately awarded ReConnect program grant funds to Pine in violation of the Consolidated Appropriations Act of 2018.

Before the court is the Plaintiffs' Motion for Leave to Conduct Limited Discovery and to Compel Production of a Privilege Log [Docket No. 86].

Bravado claims that the administrative record is incomplete and is asking the court to allow the additional discovery to allow it to investigate the process utilized by the agency in making its decision to award ReConnect Program funds to Pine. Although, written declarations of Kenneth Kuchno and Brad Hunt [Docket No. 92-1 and 92-3] have been added to the record, Plaintiffs contend that they seek to supplement the record further through deposition testimony of the persons involved in the decision-making process to ensure there were no irregularities or mistakes in the process.

Defendants argue that the record is complete particularly in view of the supplemental declarations made by Kenneth Kuchno and Brad Hunt regarding interactions not documented in the written record that explain how the facts in the record were applied in reaching the agency's decision. Additionally, defendants claim that Plaintiffs have not made a showing of bad faith or improper behavior to justify additional discovery.

When an agency action is challenged, the district court proceeds as an appellate court, applying the Administrative Procedures Act. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994) ("Reviews of agency action on the district courts must be processed as appeals.") *See also American Mining Congress v. Thomas*, 772 F.2d 61`7, 626 (10th Cir. 1985), *cert. denied*, 476 U.S. 1158 (1986) (agreeing with the comments in *Deukmejian v. Nuclear Regulatory Commission,* 751 F.2d 1287, 1323 (D.C. Cir. 1984) in which the court determined "the agency's action must be reviewed on the basis articulated by the agency and on the evidence and proceedings before the agency at the time it acted. A district court is generally

confined to the administrative record and cannot conduct de novo proceedings. *See Franklin Savings Ass'n v. Director, Office of Thrift Supervision,* 934 F.2d 1127, 1137 (10th Cir. 1991), cert. denied, 503 U.S. 937 (1992). The court's review is based on the full administrative record that was before the decision maker at the time of the decision, *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 738 .

Although "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court" *See Camp v. Pitts,* 411 U.S. 138, 142 (1973), there are "extremely limited" exceptions to the rule. *American Mining Congress,* 772. F.2d at 626. In *Franklin*, the Tenth Circuit provided examples of such limited exceptions, including "where the administrative record fails to disclose the factors considered by the agency,…where necessary for background information or for determining whether the agency considered all relevant factors including evidence contrary to the agency's position,… or where necessary to explain technical terms or complex subject matter involved in the action[.]" 934 F.2d at 1137-38. Additionally, in *American Mining Congress*, the Tenth Circuit acknowledged other potential justifications for expanding the record, including "(1) that the agency action is not adequately explained and cannot be reviewed property without considering the cited materials,… (2) that the record is deficient because the agency ignored relevant factors it should have considered in making its decision, … (3) that the agency considered factors that were left out of the formal record, … (4) that the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues, … and (5) that evidence coming into existence after the agency acted demonstrates that the actions were right or wrong[.]" 772 F.2d at 626.

Here, Plaintiffs have failed to show bad faith or irregularities or deficiencies in the record that would prompt application of any above limited exceptions.  Accordingly, the court finds that the record is complete containing all written material considered in the agency's decision to grant Pine's application.  Further, the supplemental declarations of Kuchno and Hunt provide information regarding the steps and the communications involved in the investigation of the competing systems and the agency's decision process, as well as the fixed wireless aspect of the that decision.   Moreover, any procedural defect with regard to the record is at most harmless error. *See Bar MK Ranches v. Yuetter,* 994 F.2d 735, 739 (10th Cir. 1993).

Plaintiffs are not entitled to a privilege log of predecisional deliberative materials that are not a part of the administrative record.  *See Friends of Animals v. United States Fish and Wildlife Serv.,* No. 4:18-00053, 2019 WL 9735755 (D. Utah Dec. 27, 2019).

Accordingly, Plaintiffs' Motion for Leave to Conduct Limited Discovery and to Compel Production of a Privilege Log [Docket No. 86] is DENIED.

**IT IS SO ORDERED** this 26th day of July, 2021.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**